UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER: 07-20037-2
                                    HONORABLE VICTORIA A. ROBERTS

v.

MICHAEL G. PANYARD,

        Defendant.
                                          /

## ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING APPEAL

### I. INTRODUCTION

Defendant Michael Panyard requests to remain on bond pending his appeal of this Court's judgment of conviction to the Sixth Circuit.

Defendant's motion is **DENIED**.

### II. BACKGROUND

The Clean Water Act ("CWA" or "the Act") prohibits the discharge of pollutants into United States waters through publicly owned treatment works, except in accordance with a National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to the Act. 33 U.S.C. §§ 1311(a), 1317(b)(1), 1342. The Act allows states to set up and manage their own NPDES programs, contingent on approval by the Environmental Protection Agency ("EPA"), and to license qualified wastewater treatment facilities to pretreat certain types of waste. § 1342(b). The Michigan Department of Environmental Quality ("MDEQ") administers the state's EPA-approved NPDES program. MDEQ authorizes local agencies like the Detroit Water and Sewerage Department ("DWSD") to issue discharge permits to local operators and to enforce

federal pretreatment standards locally.  *Id.*  At all times, the federal government maintains the authority to prosecute knowing violations of "any requirement imposed in a pretreatment program approved under [§ 1342(a)(3) or (b)(8)] of this Act." § 1319(c)(2)(A).

Comprehensive Environmental Solutions, Inc. ("CESI") and its predecessor entity, Rich Coast, Inc. ("RCI"), own an industrial waste treatment, storage and disposal facility in Dearborn, Michigan.  This "tank farm" operates under a permit from DWSD, which requires that liquid wastes be treated according to a multi-step process aimed at removing oils and other industrial residue.  Clients pay CESI to take their wastewater and reduce chemicals or other contaminants to acceptable levels, at which point the remaining water can be discharged legally into the municipal sewer for treatment by a publicly-owned treatment works.

Defendant worked for RCI and CESI from about 1997 until 2005, in various capacities: he served successively as RCI's Environmental Coordinator and Sales Manager, and as CESI's President, General Manager and Sales Manager.

On June 17, 2002, federal and state law enforcement agents raided CESI on suspicions that, over a period of about 14 months between 2001 and 2002, the facility dumped millions of gallons of untreated industrial liquid waste into the sewers.  A grand jury indicted Defendant and two others, Bryan Mallindine and Charles Long, for violating the Act.

On October 21, 2008, after a three-week trial, a jury convicted Defendant of bypassing CWA pretreatment requirements, in violation of 33 U.S.C. § 1319(c)(2)(A) (Count II); rendering inaccurate DWSD monitoring devices or methods, in violation of 33

U.S.C. § 1319(c)(4) (Count IV); making false statements, in violation of 18 U.S.C. § 1001 (Counts V-VIII, X and XII); and conspiring to commit all the above, in violation of 18 U.S.C. § 371 (Count I).

After trial, Defendant filed a motion for acquittal on all counts, pursuant to Federal Rule of Criminal Procedure 29; the Court denied the motion on January 7, 2009. *United States v. Panyard*, No. 07-20037-2, 2009 U.S. Dist. LEXIS 771 (E.D. Mich. Jan. 7, 2009) (unpublished) (hereinafter "Rule 29 Order"). On April 22, the Court sentenced him to 15 months detention, but waived costs and fines due to his lack of resources. *United States v. Panyard*, No. 07-20037-2, 2009 U.S. Dist. LEXIS 34978 (E.D. Mich. Apr. 23, 2009) (unpublished) (hereinafter "Sentencing Order"). On May 4, Defendant filed a notice of appeal; the next day, the Sixth Circuit ordered the appeal expedited for briefing and submission, and a complete transcript of Defendant's trial prepared by May 29, 2009. (Doc. #94, Def.'s In Forma Pauperis Mot. Ex. A.)

**III.   ANALYSIS**

Pursuant to the Bail Reform Act of 1984 ("the Act"), a defendant found guilty and sentenced to a term of imprisonment may be released on bond pending appeal if the trial court finds--

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under [18 U.S.C. § 3142(b) or (c)]; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>     (i)   reversal,
>     (ii)  an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal

3

>   process.
>
>   If the judicial officer makes such findings, [he or she] shall order the release of the person in accordance with [18 U.S.C. § 3142(b) or (c)] . . .

18 U.S.C. § 3143(b)(1). The Act creates a presumption against release pending appeal. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir.), *cert. denied*, 488 U.S. 893 (1988). In overcoming this presumption, the burden of proof rests with the defendant. *Id.* (*citing United States v. Pollard*, 778 F.2d 1177, 1181-82 (6th Cir. 1985)).

### A.     Risk of Flight and Danger to Others

In determining whether a defendant poses a risk of flight or a danger to the community, a court must consider available information on several factors, including:

>   (1) the nature and seriousness of the offense charged; (2) the weight of evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*Vance*, 851 F.2d 166, 169-70 (*quoting United States v. Delker*, 757 F.2d 1390, 1398-99 (3d Cir. 1985)).

The Court considered these factors when it sentenced Defendant, so it need not review them in detail. *See* Sentencing Order. The Court decided Defendant poses a low risk of recidivism; he is unlikely to re-offend against the environment. Moreover, given the nature of his crime, his criminal history, and all other factors considered at sentencing, the Court is confident – and the Government agrees – that Defendant is not likely to flee or pose a danger to others if released.

### B.     Substantial Question of Law or Fact

To determine if an appeal raises a substantial question of law or fact, the Sixth

4

Circuit applies the two-part test devised by the Eight Circuit in *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985) (en banc). *Pollard*, 778 F.2d at 1182. In *Powell*, the court held:

> [A] defendant who wishes to be released on bail after the imposition of a sentence including a term of imprisonment must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way. It is not sufficient to show simply that reasonable judges could differ . . . or that the issue is fairly debatable or not frivolous. On the other hand, the defendant does not have to show that it is likely or probable that he or she will prevail on the issue on appeal. If this part of the test is satisfied, the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.

*Powell*, 761 F.2d at 1233-34. *See also United States v. Mikell*, No. 97-CR-81493, 2007 U.S. Dist. LEXIS 4233, at *6 (E.D. Mich. Jan. 22, 2007) (unpublished) ("Courts have also held that a substantial question is 'either a novel question, one that has not been decided by controlling precedent, or one which is fairly doubtful.'"); *United States v. Henson*, 663 F. Supp. 1112, 1113 (W.D. Ky. 1987) (same) (*citing United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985).

With one exception (see below), Defendant's bond motion summarizes the arguments made in his Fed. R. Crim. P. 29 motion for acquittal. Defendant contends that although this Court denied the motion, the Sixth Circuit may view these issues differently and reverse, order a new trial, or impose a sentence without imprisonment.

The Court addressed each issue raised here in denying Defendant's motion for acquittal; there is no need to duplicate this analysis if no issue creates a substantial question. The Court not only considered whether there was sufficient evidence to

convict, but also discussed Defendant's legal arguments, notably whether the federal government can enforce a specific pretreatment process that is not explicitly required by federal law.  *See* Rule 29 Order at *6-10.  In the end, the Court concluded it had proper jurisdiction over CWA claims, and that the jury acted reasonably in convicting Defendant on all counts.

In light of 18 U.S.C. § 3143(b)(1)(B), *Pollard* and *Powell*, the Court is satisfied that, for the same reasons Defendant's motion for acquittal was denied, Defendant fails to raise a substantial question on appeal.  Specifically, the Court is certain the CWA could not be interpreted as Defendant suggests in opposing his conviction on Counts II, IV, V and XII.  Likewise, after presiding over trial, the Court is confident the evidence was sufficient for the jury to find Defendant guilty beyond a reasonable doubt.  *See* Rule 29 Order.

Defendant's motion also alludes to "a statement" he made during the execution of the search warrant at CESI, and which the Court admitted over his objection at trial.  Defendant did not raise this in his motion for acquittal.  Defendant does not identify the statement, but the Court assumes he refers to statements made to Special Agent Carol Paszkiewicz on June 17, 2002.  As to the substantial legal question the statement raises, Defendant states: "Trial counsel indicates that this may be an issue on appeal."

Vague assertions such as these do not satisfy Defendant's burden to show his appeal would present a "close question or one that could go either way" on appeal.  *See United States v. Moore*, Nos. 88-5460 & 88-5503, 849 F.2d 1474 (6th Cir. 1988) (Table of Decisions Without Reported Opinions) ("mere identification of issues does not demonstrate that an appeal establishes a substantial question entitling the defendant to

6

release pending appeal" (*citing Pollard*, 778 F.2d 1182)).  Moreover, at trial, the Court held a separate hearing on this issue outside the jury's presence.  After careful review, the Court ruled Defendant's statement admissible.  Defendant submits no reason to hold otherwise.

Despite the Court's determination that Defendant poses little risk of flight or danger to the community, the motion for bond must be denied, because Defendant fails to raise a substantial question of law or fact that, if decided in his favor, would likely result in reversal, a new trial, or an adjustment of his sentence on appeal.  *See United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002) (denying bond solely because defendant failed to raise a substantial question); *Pollard*, 778 F.2d at 1181 (same).

## IV.  CONCLUSION

Defendant's Motion for Bond Pending Appeal is **DENIED**.

**IT IS ORDERED**.

                                        s/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: May 28, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 28, 2009.

s/Linda Vertriest
Deputy Clerk

---